UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SASAN SABRDARAN, et al.,<br><br>Defendants. | Case No. 14-cv-04825-JSC<br><br>**ORDER DENYING MOTION TO EXCLUDE TESTIMONY OF TOM NELSON AND RELATED EVIDENCE**<br><br>Re: Dkt. No. 114 |

Defendant Sasan Sabrdaran moves the Court to exclude the testimony of Tom Nelson, who used a computer program, Cellebrite UFED PA, to extract data from Dr. Sabrdaran's Blackberry phone on the grounds that (1) Mr. Nelson's testimony is improper expert opinion and (2) other evidence in the case demonstrates that Mr. Nelson's extraction report is unreliable. (Dkt. No. 114.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Dr. Sabrdaran's motion to exclude Mr. Nelson's testimony and related evidence.

First, the Court concludes that Mr. Nelson's Cellebrite extraction testimony is not improper expert opinion. The Second Circuit's decision in *United States v. Marsh* is instructive. *See* 568 F. App'x 15, 16-17 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 111 (2014), and *cert. denied sub nom. Anderson v. United States*, 135 S. Ct. 384 (2014). There, the criminal defendants, after conviction, appealed the trial court's introduction of Cellebrite extraction evidence through an FBI agent on the grounds that the agent, as a non-expert witness, improperly provided expert opinion testimony. *Id.* The Second Circuit first noted that "[a] witness's specialized knowledge, or the fact that he was chosen to carry out an investigation because of this knowledge, does not render his testimony 'expert' as long as it was based on his investigation and reflected his investigatory

findings and conclusions, and was not rooted exclusively in his expertise[.]" *Id.* at 17 (citation and internal quotation marks omitted). The Second Circuit then held that the district court did not abuse its discretion in allowing the FBI agent to testify as a lay witness, reasoning that:

> Special Agent Tortorella explained his training in the use of Cellebrite technology to retrieve text messages and other data from a cellular phone; described how he used Cellebrite to do so in this case; and testified that he confirmed the results by checking the messages on the phone itself. He then testified to the contents of the messages retrieved from the phone. Tortorella did not purport to render an opinion based on the application of specialized knowledge to a particular set of facts; nor did his testimony turn on or require a technical understanding of the programming or internal mechanics of the technology.

*Id.*

So too here. While Mr. Nelson certainly has years of experience in forensic analysis, his declaration testimony is based on his personal investigation and findings in this particular case—he describes how he used the Cellebrite software to extract the relevant data from Dr. Sabrdaran's Blackberry device (Dkt. No. 114-2 at 22 ¶¶ 5-6), the amount and types of data extracted (*id.* at 22-23 ¶¶ 7-8), as well as his auditory comparison of two audio files, one originally extracted from Dr. Sabrdaran's Blackberry, the other a converted .mp3 version of the same file (*id.* at 23 ¶ 9). As in *Marsh*, Mr. Nelson "[does] not purport to render an opinion based on the application of specialized knowledge to a particular set of facts; nor [does] his testimony turn on or require a technical understanding of the programming or internal mechanics of the technology." *Marsh*, 568 F. App'x at 17. Accordingly, Mr. Nelson's testimony is not expert opinion.

Second, Dr. Sabrdaran also seeks to exclude Mr. Nelson's testimony because "[o]ther evidence in this case, namely the phone records of Dr. Sabrdaran and Mr. Afsarpour, indicate that the extraction report is incorrect and unreliable." (Dkt. No. 114 at 7.) According to Dr. Sabraran, "not one of the voicemails on Mr. Nelson's extraction report is also present on Dr. Sabrdaran's phone records." (*Id.* at 7-8.) The SEC responds that Dr. Sabrdaran failed to analyze correctly the phone records and the extraction report, explaining that, with a proper reading, the call records and extraction report are in fact consistent and thus Mr. Nelson's declaration and evidence are reliable. (Dkt. No. 119 at 5-9.) Dr. Sabrdaran's challenge on this front goes to weighing the evidence,

which is the province of the jury; the Court therefore declines to resolve this factual dispute on a motion *in limine*. *See, e.g.*, *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525 PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("Nor are motions *in limine* an appropriate means to resolve factual disputes or weigh evidence.").[1]

For the reasons stated above, Dr. Sabrdaran's motion to exclude is DENIED and the telephone hearing scheduled for Friday, October 21, 2016 is VACATED.

This Order disposes of Docket No. 114.

**IT IS SO ORDERED.**

Dated: October 20, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[1] Dr. Sabrdaran also argues that the SEC did not timely disclose during the fact discovery period that it would use a fact witness regarding the extraction of data from Dr. Sabrdaran's Blackberry. (Dkt. No. 114 at 5.) However, the SEC made its disclosure on May 31, 2016, and the Court extended fact discovery at the parties' joint request to June 24, 2016. (Dkt. No. 59.)