UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 14-cv-04825-JSC |
| Plaintiff, | **PROPOSED JURY INSTRUCTIONS** |
| v. | |
| SASAN SABRDARAN, et al., | |
| Defendants. | |

Dated: November 2, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

# DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

United States District Court
Northern District of California

### CLAIMS AND DEFENSES

The buying and selling of securities is controlled by the federal securities laws which are administered and enforced by, among others, the Securities and Exchange Commission ("SEC"). The SEC contends in this case that Dr. Sabrdaran and Mr. Afsarpour violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder, which in essence prohibits "insider trading."  Specifically, the SEC alleges that Dr. Sabrdaran disclosed material, nonpublic information about his company, InterMune, to Mr. Afsarpour, who invested in InterMune after receiving the nonpublic information. The SEC bears the burden of proving these claims, which Dr. Sabrdaran and Mr. Afsarpour deny.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

    You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

United States District Court
Northern District of California

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that have been admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

United States District Court
Northern District of California

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

1

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asked a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the question was answered or the exhibit received.  If I sustained the objection, the question could not be answered, and the exhibit could not be received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.  Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

1  **CREDIBILITY OF WITNESSES**

2  In deciding the facts in this case, you may have to decide which testimony to believe and

3  which testimony not to believe.  You may believe everything a witness says, or part of it, or none

4  of it.

5  In considering the testimony of any witness, you may take into account:

6  1.  the opportunity and ability of the witness to see or hear or know the things testified

7  to;

8  2.  the witness's memory;

9  3.  the witness's manner while testifying;

10  4.  the witness's interest in the outcome of the case, if any;

11  5.  the witness's bias or prejudice, if any;

12  6.  whether other evidence contradicted the witness's testimony;

13  7.  the reasonableness of the witness's testimony in light of all the evidence; and

14  8.  any other factors that bear on believability.

15  Sometimes a witness may say something that is not consistent with something else he or

16  she said.  Sometimes different witnesses will give different versions of what happened.  People

17  often forget things or make mistakes in what they remember.  Also, two people may see the same

18  event but remember it differently.  You may consider these differences, but do not decide that

19  testimony is untrue just because it differs from other testimony.

20  However, if you decide that a witness has deliberately testified untruthfully about

21  something important, you may choose not to believe anything that witness said.  On the other

22  hand, if you think the witness testified untruthfully about some things but told the truth about

23  others, you may accept the part you think is true and ignore the rest.

24  The weight of the evidence as to a fact does not necessarily depend on the number of

25  witnesses who testify.  What is important is how believable the witnesses were, and how much

26  weight you think their testimony deserves.

27

28

*United States District Court*
*Northern District of California*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## USE OF NOTES

Some of you took notes during the trial.  Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

1

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**STIPULATIONS OF FACT**

The parties have agreed to certain facts [to be placed in evidence as Exhibit __].  You must therefore treat these facts as having been proved.

**JUDICIAL NOTICE**

The court has decided to accept as proved the fact that [state fact].  You must accept this fact as true.

United States District Court
Northern District of California

### DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You were shown video of six depositions.  The deposition of Balvinder Nijjar was taken on October 26, 2015.  The deposition of Sahab Sepahpourfard was taken on October 27, 2015.  The deposition of Sharokh Vasseghi was taken on October 27, 2015.  The deposition of Nikki Anvarian was taken on January 25, 2016.  The deposition of Sasan Sabrdaran was taken on June 22, 2016.  The deposition of Farhang Afsarpour was taken on May 9, 2016.  The deposition of Ali Reza Golesorkhi was taken on [DATE].  In addition, the deposition of Hadi Rajabzadeh, taken on [DATE], was read into the record.  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

If the deposition was read into the record, do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### TRANSCRIPT OF RECORDING IN ENGLISH

You have heard a recording that has been received in evidence.  A transcript of the recording was shown to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you heard something different from what appears in the transcript, what you heard is controlling.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE**

You have heard a recording in the Farsi language.  A transcript of the recording was shown. The transcript is an English-language translation of the recording. Although some of you may know Farsi, it is important that all jurors consider the same evidence.  The transcript is the evidence, not the foreign language spoken in the recording.  Therefore, you must accept the interpreter's translation contained in the transcript and disregard any different meaning of the non-English words.

**DISPUTED TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE**

You have heard a recording in the Farsi language.  A transcript of the recording has been admitted into evidence.  The transcript is an English-language translation of the recording.  The accuracy of the transcript is disputed in this case.  Whether a transcript is an accurate translation, in whole or in part, is for you to decide based on the evidence presented.  In considering whether a transcript accurately describes the words spoken in a conversation, you should consider the evidence presented to you regarding how, and by whom, the transcript was made.  You may consider the knowledge, training, and experience of the translator, the audibility of the recording, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.  Although some of you may know Farsi, it is important that all jurors consider the same evidence.  Therefore, you must not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcript must be based on the evidence in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# EXPERT OPINION

You have heard testimony from Torben Voetmann who testified to opinions and the reasons for his opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court
Northern District of California

### THE ELEMENTS THE SEC MUST PROVE TO ESTABLISH LIABILITY

For you to find that Dr. Sabrdaran and Mr. Afsarpour engaged in insider trading in violation of Exchange Act § 10(b) and Rule 10b-5, the SEC must prove all of the following three elements by a preponderance of the evidence:

A.      That Dr. Sabrdaran and Mr. Afsarpour used an instrumentality of interstate commerce in connection with the purchase or sale of a security;

B.      That Dr. Sabrdaran and Mr. Afsarpour, directly or indirectly, used a device, scheme, or artifice to defraud in connection with the purchase or sale of a security; and

C.      That Dr. Sabrdaran and Mr. Afsarpour acted intentionally. "Intentionally" means acting knowingly or recklessly.

I will now define for you each of these three elements.

1

**INSTRUMENTALITY OF INTERSTATE COMMERCE—DEFINED**

2     "Instrumentality of interstate commerce" includes the mails, telephone, internet, or some

3    other form of electronic communication, or an interstate delivery system such as Federal Express

4    or UPS, or a facility of a national securities exchange such as the New York Stock Exchange or

5    NASDAQ.  A "facility of a national securities exchange" may include a computer-trading program

6    or an online discount-brokerage service.

7         It is not necessary that the instrumentality of interstate commerce was the means by which

8    Dr. Sabrdaran and Mr. Afsarpour allegedly used a device, scheme, or artifice to defraud someone.

9    It is only necessary that the instrumentality was used in some phase of the transaction.

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IN CONNECTION WITH THE PURCHASE OR SALE OF A SECURITY—DEFINED**

"In connection with" means that there was some nexus or relationship between the allegedly fraudulent conduct and the sale or purchase of securities in the United States securities market.  A defendant's conduct may be in connection with a purchase or sale of a security even if the defendant did not actually participate in any securities transaction.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**SECURITY—DEFINED**

A "security" is an investment in a commercial, financial, or other business enterprise with the expectation that profits or other gain will be produced by others.  Common types of securities include, but are not limited to, stocks, options, bonds, warrants, and investment contracts

**DEVICE, SCHEME, OR ARTIFICE TO DEFRAUD—DEFINED:**

**CORPORATE INSIDER AND INSIDER INFORMATION**

The "device, scheme, or artifice to defraud" that the SEC contends Dr. Sabrdaran and Mr. Afsarpour used in this case is known as "insider trading."

A "corporate insider" is a person who has a relationship of trust and confidence with a corporation and its shareholders. "Inside information" is information that a corporate insider must not disclose by virtue of his relationship with the corporation. When a corporate "insider" is aware of "inside information," the law forbids him from using that information in connection with the purchase or sale of securities. So any person who, through a fiduciary or confidential relationship, gains access to material, confidential information intended for only a corporate purpose must not use that information to trade personally in connection with the purchase or sale of securities, or tip that information to others who may trade.

In this case, if you find that Dr. Sabrdaran was involved in the business operations of InterMune and gained access to material, confidential information while acting in his official capacity there, you may find that he was an insider, and therefore owed a duty to the corporation and its shareholders not to personally benefit by using the information.

## DEVICE, SCHEME, OR ARTIFICE TO DEFRAUD—DEFINED:

## TIPPER LIABILITY

I will now instruct you on the elements of insider trading that apply to a corporate insider, also known as a tipper.  The SEC alleges that Dr. Sabrdaran is the tipper in this case.  As to Dr. Sabrdaran, the SEC must establish:

A.      That Dr. Sabrdaran owed a duty of trust and confidence to InterMune to maintain the confidentiality of certain material information;

B.      That Dr. Sabrdaran breached his duty of trust and confidence to InterMune by disclosing confidential material information to Mr. Afsarpour in exchange for a personal benefit; and

C. That Mr. Afsarpour used the information to engage in transactions in connection with the purchase or sale of securities, or provided the information to others to engage in transactions in connection with the purchase or sale of securities.

### PERSONAL BENEFIT—DEFINED

A personal benefit for these purposes includes anything of value, including money or friendship, and may be inferred when an insider makes a gift of non-public information to a friend. Personal benefit includes not only monetary gain, such as a cut of the take or a gratuity from the tippee, but also a reputational benefit or the benefit one would obtain from simply making a gift of confidential information to a trading relative or friend.  The benefit does not need to be financial or tangible in nature; it could include, for example, maintaining a useful networking contact, improving the tipper's reputation, obtaining future financial benefits, or making a gift of confidential information to a trading relative or friend.

## DEVICE, SCHEME, OR ARTIFICE TO DEFRAUD—DEFINED:

## TIPPEE LIABILITY

I will now instruct you on the elements of insider trading that apply to an individual who receives material confidential information from a corporate insider, also known as a tippee.  The SEC alleges that Afsarpour is the tippee in this case.  As to Mr. Afsarpour, the SEC must establish:

A.      That Mr. Afsarpour knowingly participated in Dr. Sabrdaran's breach of duty of trust and confidence owed to InterMune. For this, the SEC must prove that Dr. Sabrdaran violated a duty of trust and confidence by disclosing material nonpublic information to Mr. Afsarpour for Dr. Sabrdaran's personal benefit, directly or indirectly; and

B.      That Mr. Afsarpour knew or should have known that Dr. Sabrdaran had breached his duty of trust and confidence for Dr. Sabrdaran's personal benefit.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MATERIALITY**

If you decide that Dr. Sabrdaran was an insider with a duty of trust and confidence and disclosed confidential inside information to Mr. Afsarpour, then you must also decide whether the inside information was "material."  Information is "material" if there is a substantial likelihood that a reasonable investor would attach importance to the information in determining his course of action.  Put another way, there must be a substantial likelihood that a reasonable investor would view the information as information that would significantly alter the total mix of available information.  A minor or trivial detail is not a "material fact."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TRADING ON THE BASIS OF MATERIAL, INSIDE INFORMATION**

To prove that Dr. Sabrdaran and Mr. Afsarpour are liable for insider trading, the SEC must also prove that Mr. Afsarpour made each transaction it alleges was unlawful "on the basis of" material nonpublic information.  The SEC does not need to prove that Mr. Afsarpour made these transactions exclusively because of material nonpublic information.  "Non-public information" is information which is not generally available to the public through such sources as press releases, trade publications, or other publicly available sources.  Information is considered non-public for purposes of insider trading liability until such information has been effectively disseminated in a manner sufficient to insure its availability to the investing public.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTENTIONAL CONDUCT**

To establish that Dr. Sabrdaran and Mr. Afsarpour acted with intent to deceive, manipulate, or defraud, the SEC must prove that Dr. Sabrdaran and Mr. Afsarpour acted knowingly or recklessly and did not act inadvertently, carelessly, or by mistake.

"Reckless" means highly unreasonable conduct that is an extreme departure from ordinary care, which is either known to the defendant or is so obvious that the defendant must have been aware of it.

**UNNAMED THIRD PARTIES**

Some of the people whose names you have heard in the trial, or from whom you have heard directly, are not on trial before you.  I instruct you not to speculate why those people are not part of this action.

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has

United States District Court
Northern District of California

35

1  not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial

2  jury, and if you decide the case based on information not presented in court, you will have denied

3  the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very

4  important that you follow these rules.

5       A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

6  mistrial could result that would require the entire trial process to start over. If any juror is exposed

7  to any outside information, please notify the court immediately.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

**COMMUNICATION WITH COURT**

2      If it becomes necessary during your deliberations to communicate with me, you may send

3  a note through the Court clerk, signed by any one or more of you.  No member of the jury should

4  ever attempt to communicate with me except by a signed writing.  I will not communicate with

5  any member of the jury on anything concerning the case except in writing or here in open court.  If

6  you send out a question, I will consult with the lawyers before answering it, which may take some

7  time.  You may continue your deliberations while waiting for the answer to any question.

8  Remember that you are not to tell anyone—including me—how the jury stands, whether in terms

9  of vote count or otherwise, until after you have reached a unanimous verdict or have been

10  discharged.  Do not disclose any vote count in any note to the court.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the court that you are ready to return to the courtroom.